UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEREK KEITH WILLIAMS,

               Plaintiff,

          -against-

ANGELA TINSLEY; MICHAEL C.
BARTOLOTTI; MARK J.F. SCHROEDER;
KEECHANT SEWELL; ANGELA PIQUERAS;
ROBERT V. TENDY; JASON MARQUARD;
MARK J.F. SCHROEDER; PUTNAM
COUNTY DISTRICT ATTORNEY'S OFFICE,

               Defendants.

25-CV-7055 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the court's federal-question jurisdiction, alleging that Defendants unlawfully issued him a traffic citation, for which he was convicted in state court, and otherwise violated his constitutional rights. He names as defendants Angela Tinsley, who appears to be a private attorney; Michael C. Bartolotti, the County Clerk for Putnam County; Mark J.F. Schroeder, the Commissioner of the New York State Department of Motor Vehicles; Keechant Sewell, the former commissioner of the New York City Police Department; Officer Piqueras of the Putnam County Sheriff's Department; Robert V. Tendy, the District Attorney of Putnam County; Jason Marquard, an Assistant District Attorney of Putnam County; and the Putnam County Sheriff's Office. By order dated January 7, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons that follow.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] On October 6, 2022, while Plaintiff was driving his vehicle in Putnam County, an unidentified employee of the Putnam County Sheriff's Office conducted a vehicle stop and issued Plaintiff a citation for an unspecified traffic

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

offense. (ECF No. 1, at 4.) Plaintiff states that at the time of the incident, he did not have "a valid contract or obligation to the Department of Motor Vehicles," as he had previously "returned his driver's license to the DMV, received a receipt acknowledging termination of the contract, and was traveling privately with a valid U.S. Passport, not as a commercial driver." (*Id*.) He further alleges that the "officer failed to read *Miranda* rights" to him and "referred to Plaintiff as a 'sovereign citizen.'" (*Id*.)

In Putnam County Court, Plaintiff entered a plea of "no contest," "which was improperly recorded by the judge as 'Not Guilty,' leading to trial proceedings against Plaintiff's will." (*Id*. at 7.) Trial was conducted about 18 months later. (*Id*.) While Plaintiff does not explicitly state the outcome of the trial, he states that sentencing was scheduled for August 25, 2025. (*Id*.)

In the Prayer for Relief portion of the complaint, Plaintiff requests that the Court: "(a) Accept removal of this matter from Putnam County Court pursuant to 28 U.S.C. §§1441 and 1443; (b) Declare the state proceedings void for lack of jurisdiction and constitutional violations; [and] (c) Issue an emergency injunction preventing Putnam County Court from proceeding with sentencing." (*Id*. at 7.) He also seeks monetary relief. (*Id*.)

## DISCUSSION

### A.    Removal

Plaintiff requests that the Court "accept removal" of his state-court prosecution to federal court. (*Id*.) The Court must deny this request. To remove a state-court criminal action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a).

Plaintiff did not, however, submit a notice of removal. Rather, he uses the court's general complaint form, alleges that a series of individual defendants violated his constitutional rights, and attaches a letter to the Clerk of Court with the subject line, "Filing of Notice of Removal and Civil Rights Complaint under the Civil Rights Act of 1866." (ECF No. 1, at 11.) Plaintiff does not include "a copy of all process, pleadings, and orders served upon" in the state-court action as required by Section 1455(a). On this basis alone, the purported notice of removal is improper and cannot support this Court's jurisdiction over the state-court prosecution.

Even if Plaintiff had included "a copy of all process, pleadings, and orders served upon" him in the state prosecution, the notice of removal would still be improper. Criminal cases may be removed to federal court in very limited circumstances. Those circumstances include a criminal prosecution commenced in state court against a federal officer "if it is 'for or relating to any act under color of [federal] office[.]'" *New York v. Trump*, 158 F.4th 458, 460 (2d Cir. 2025) (quoting 28 U.S.C. § 1442(a)). Those circumstances also include state prosecutions of members of the armed services if they are prosecuted for actions taken under color of office. 28 U.S.C. § 1442a; *see, e.g., State of Ga. v. Westlake*, 929 F. Supp. 1516, 1520 (M.D. Ga. 1996) (finding a service member's removal of state-court prosecution for vehicular homicide improper where he did not present a federal defense, explaining that the service member "does not contend that he was under orders to disobey local traffic laws or that the accident was the result of any order given to him by his superiors"). Criminal cases commenced in state court also may be removed if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1); *see People of State of N. Y. v. Galamison*, 342 F.2d 255, 269 (2d Cir. 1965) (explaining that Section

1443 "applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights" (cited with approval by *State of Ga. v. Rachel*, 384 U.S. 780, 792 (1966)).

Plaintiff does not allege that he is a federal officer or member of the armed forces being prosecuted for actions taken under color of office. He also does not assert any facts showing that he cannot enforce his federal equal rights in his state-court criminal proceeding. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecution where defendant is denied equal civil rights). "That a [defendant] will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of [section] 1443(1)." *Id.*

The Court therefore concludes that removal is not proper and remands the prosecution to Putnam County Court. *See* 28 U.S.C. § 1455(b)(4).

**B.      Claims under 42 U.S.C. § 1983**

Because Plaintiff alleges that Defendants violated his constitutional rights, the Court liberally construes the complaint as asserting claims under 42 U.S.C. § 1983 for false arrest and malicious prosecution under the Fourth Amendment, a violation of Plaintiff's due-process and equal-protection rights under the Fourteenth Amendment, and a violation of Plaintiff's right to a speedy trial under the Sixth Amendment.

Plaintiff explains that he was scheduled to be sentenced by the Putnam County Court, related to the traffic infraction and prosecution that is the subject of this action, on August 25, 2025. The Court understands this allegation as indicating that Plaintiff was convicted of the traffic offense in Putnam County Court.

5

In light of Plaintiff's conviction, his Section 1983 claims for monetary damages are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that to recover monetary damages for:

> [an] allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (cleaned up); *see Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) (per curiam) (affirming dismissal under *Heck* of Section 1983 claims alleging that police officers "committed numerous acts of perjury and coerced witnesses to wrongfully identify [plaintiff]" because "these allegations, if proven, would have rendered [plaintiff's] conviction invalid").

Here, Plaintiff asserts that Defendants violated his Fourth Amendment rights by maliciously prosecuting him, his Fourteenth Amendment rights by denying him due process and discriminating against him, and his Sixth Amendment rights by denying him a speedy trial. If Plaintiff were successful on any of these claim, it would imply the invalidity of his conviction. *Heck* therefore bars Plaintiff's claims for money damages.

Before seeking relief under Section 1983, Plaintiff must show "that the conviction or sentence has been reversed on direct appeal" or otherwise invalidated. *Heck*, 512 U.S. at 487. Plaintiff has not done so; he does not allege that he appealed his conviction in the state courts and that any such appeal was successful, or that any court or executive branch entity otherwise vacated his conviction. The Court therefore dismisses these claims, without prejudice, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, to the extent that Plaintiff, in seeking injunctive relief, asks the Court to intervene in his state-court criminal proceeding that he alleges was pending at the time he filed the complaint, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court criminal proceeding. The Court therefore will not intervene in that proceeding and dismisses those claims for injunctive relief without prejudice.

## C.    Supplemental jurisdiction

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.      Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

Because removal of this state-court prosecution is improper, the Court remands the prosecution to Putnam County Court. *See* 28 U.S.C. § 1455(b)(4).

The Court construes the balance of Plaintiff's pleading as a complaint under 42 U.S.C. § 1983. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:     January 29, 2026
           New York, New York

_____
           Louis L. Stanton
           U.S.D.J.